# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as receiver for DORAL BANK, <br><br> **Plaintiff**, <br><br> v. <br><br> WALTER RAFAEL PEDREIRA PÉREZ, *et al.*, <br><br> **Defendants**. | **Civil No.** 15-2590 (FAB) |

**OPINION AND ORDER**[1]

BESOSA, District Judge.

Plaintiff Federal Deposit Insurance Corporation, as receiver for Doral Bank ("Doral") ("FDIC-R") filed a second motion to dismiss counterclaims filed by defendants Walter Rafael Pedreira-Pérez ("Pedreira"), María de Lourdes Blázquez-Arzuaga ("Blázquez"), and the conjugal partnership constituted by them (collectively, "defendants") pursuant to Federal Rule of Civil Procedure Rule 12(b)(1) ("Rule 12(b)(1)"). (Docket No. 23.) Id. For the reasons set forth below, the Court **GRANTS** the FDIC-R's motion to dismiss the counterclaims, with prejudice. (Docket No. 23.)

---

[1] Brett Uslaner, a second-year student at Fordham University School of Law, assisted in the preparation of this Opinion and Order.

**I.   Background**

Doral commenced a foreclosure action on October 10, 2014 in the Puerto Rico Court of First Instance to recover the collateral pledged by the defendants pursuant to the defendants' mortgage contract ("loan").  (Docket No. 1, Ex. 3 at pp. 1 and 11.)  On January 13, 2015, the defendants answered and filed counterclaims, alleging "that Doral, in violation of various rules, regulations, or law, refused or otherwise failed to properly process a loss mitigation application through which the Defendants had sought certain relief relating to the Loan."  (Docket No. 23 at p. 2.)

While the foreclosure action was pending in the Puerto Rico Court of First Instance, the Office of the Commissioner of Financial Institutions closed Doral and appointed the FDIC as Doral's receiver.  (Docket No. 23 at p. 2.)  "[T]he FDIC, in its capacity as receiver, succeeded to all of Doral's rights, titles, powers, privileges, assets, and liabilities, including Doral's interest in this action."  Id. (citing 12 U.S.C. § 1821(d)); see O'Melveny & Myers v. FDIC, 512 U.S. 79, 86 (1994) (holding that pursuant to the language of 12 U.S.C. § 1821(d)(2)(A) the FDIC "steps into the shoes" of a failed institution).  The FDIC stepped into this action "*only as the counterclaim defendant*, not plaintiff, so that it could defend the Counterclaims that had been

filed against Doral." (Docket No. 23 at p. 2; Docket No. 25 at p. 2.)

In May 2015, the FDIC-R notified the defendants that proof of claims for consideration were to be submitted to it no later than June 4, 2015. (Docket No. 23 at p. 2.) Pedreira did not comply with this requirement. Id. at p. 10. Blázquez submitted a timely proof of claim on June 4, 2015. Id. at p. 8. The FDIC disallowed Blázquez's claim and sent Blázquez notification of its decision on November 13, 2015 ("disallowance letter"). Id. Blázquez did not take any action in connection with this matter until April 25, 2016, when she filed a notice of appearance before this Court. See Docket No. 7.

The FDIC-R removed the action to this Court on October 20, 2015. (Docket No. 1.) Defendants filed a motion in which they indicate that Banco Popular de Puerto Rico acquired the note and loan. (Docket No. 11-1.) In March 2018, the Court ordered the FDIC-R to confirm whether "Banco Popular de Puerto Rico ha[d] acquired the note and loan and, if so, whether this Court ha[d] jurisdiction over the subject matter of this case." (Docket No. 13.) In response to the Court order, the FDIC-R filed a motion to dismiss the defendants' counterclaims for lack of subject-matter jurisdiction because the defendants "failed to submit [their claims] to the FDIC for consideration by the claims bar

date." (Docket No. 18 at p. 2.) The defendants opposed the FDIC-R's motion, asserting that Blázquez did submit a timely administrative claim, Docket No. 19, and the FDIC-R withdrew its motion. (Docket No. 20.)

On April 27, 2018, the FDIC-R filed a second motion to dismiss claiming on other grounds that the Court does not have subject-matter jurisdiction. (Docket No. 23 at p. 3.) The FDIC-R moved to dismiss the defendants' counterclaims with prejudice "because the Defendants did not properly exhaust the mandatory administrative claims process established under Title 12." Id. at p. 4. It contends that the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA") establishes a mandatory administrative claims review process ("review process") and that failure to comply with this process precludes judicial review of any claim against the FDIC. Id. at p. 6. The FDIC-R argues that the defendants' counterclaims should be dismissed because the defendants did not exhaust the review process. Id. at p. 5.

On May 11, 2018, the defendants opposed the FDIC-R's motion, contending that their failure to seek judicial review within the 60-day period is not dispositive because the FDIC sent the disallowance letter to the wrong address, which, the defendants argue, constitutes insufficient notice. (Docket No. 25 at pp. 3-4.) The defendants also assert that Blázquez fully complied with

FIRREA by filing a timely proof of claim and that Blázquez's filing is applicable to Pedreira's counterclaim. Id. at p. 4.

## II. Discussion

### A. Legal Standard

A party may move to dismiss an action for lack of subject-matter jurisdiction. See Fed.R.Civ.P. 12(b)(1). Subject-matter jurisdiction is properly invoked when a plaintiff asserts a colorable claim "arising under" the United States Constitution or federal law. 28 U.S.C. § 1331; Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006) (internal citation omitted). "Generally, a claim arises under federal law within the meaning of section 1331 if a federal cause of action emerges from the face of a well-pleaded complaint." Viqueira v. First Bank, 140 F.3d 12, 17 (1st Cir. 1998) (internal citations omitted).

In considering a Rule 12(b)(1) motion, the Court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. U.S., 620 F.3d 50, 54 (1st Cir. 2010) (internal citations omitted). Federal courts are courts of limited jurisdiction, Destek Grp. v. State of N.H. Pub. Utils. Comm'n, 318 F.3d 32, 38 (1st Cir. 2003), and a court "ha[s] the duty to construe [its] jurisdictional grants narrowly." Fina Air, Inc. v. United States, 555 F. Supp. 2d 321, 323 (D.P.R. 2008) (Besosa, J.) (internal citations omitted). The

party asserting jurisdiction carries the burden of showing the existence of federal jurisdiction. Viqueira, 140 F.3d at 16 (internal citations omitted).

**B.   FIRREA Review Process**

FIRREA sets forth a statutory claims process "designed to create an efficient administrative protocol for processing claims against failed banks." Marquis v. FDIC, 965 F.2d 1148, 1154 (1st Cir. 1992). Pursuant to the review process, the FDIC is required "to publish notice that the failed institution's creditors must file claims with the FDIC by a specified date, which must be at least ninety days after publication of the notice." Acosta-Ramírez v. Banco Popular de Puerto Rico, 712 F.3d 14, 19 (1st Cir. 2013) (citing 12 U.S.C. § 1821(d)(3)(B)(i)); FDIC v. Kane, 148 F.3d 36, 38 (1st Cir. 1998).

If a timely claim is filed, the FDIC must decide whether to approve or disallow the claim within 180 days. Acosta-Ramírez, 712 F.3d at 19 (citing § 1821(d)(5)(A)(i)); Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995). "Claimants then have sixty days from the date of disallowance or from the expiration of the 180-day administrative decision deadline to seek judicial review in an appropriate federal district court (or to seek administrative review)." Acosta-Ramírez, 712 F.3d at 19 (citing 12 U.S.C. § 1821(d)(6)(A)). Once the sixty-day period expires, "such

disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." Id. at n.8 (citing 12 U.S.C. § 1821(d)(6)(B)).

FIRREA restricts "the jurisdiction of courts [from] hear[ing] certain claims where the plaintiff has not complied with the statutory claims process" in 12 U.S.C. § 1821 ("section 1821"). Acosta-Ramírez, 712 F.3d at 19. Section 1821(d)(13)(D) provides that:

> Except as otherwise provided in this subsection, *no court shall have jurisdiction over—*
>
> (i) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver, including assets which the [FDIC] may acquire from itself as such receiver; or
>
> (ii) any claim relating to any act or omission of such institution or the [FDIC] as receiver.

12 U.S.C. § 1821(d)(13)(D) (emphasis added). "[T]he failure . . . to comply with the sixty-day requirement to seek judicial review of the denial of [] administrative claims also deprives courts of jurisdiction." Acosta-Ramírez, 712 F.3d at 20. Consequently, "[c]ompliance with and exhaustion of the administrative procedure is mandatory." FDIC v. Sánchez-Castro, No. 15-1954, 2016 WL 4257336, at *2 (D.P.R. 2016) (García-Gregory, J.) (citing Marquis,

965 F.2d at 1151). If a claimant fails to comply with the review process, no court has subject-matter jurisdiction to hear the case.

A Court should dismiss claims with prejudice where claimants fail to exhaust the review process. See, e.g., FDIC v. Estrada-Colón, 848 F. Supp. 2d 206, 212-13 (D.P.R. 2012) (Delgado-Colón, J.); FDIC v. Estrada-Rivera, 813 F. Supp. 2d 265, 269-79 (D.P.R. 2011) (Gelpí, J.); FDIC v. Negrón-Ocasio, No. 15-1888, 2016 WL 3920173 (D.P.R. July 18, 2016) (Delgado-Hernández, J.); FDIC v. Navarro-López, No. 15-1914, 2016 WL 3461204 (D.P.R. June 21, 2016) (Delgado-Hernández, J.).

**C.   The FDIC-R's Motion to Dismiss**

The FDIC-R argues that the defendants' counterclaims should be dismissed for failure to comply with the review process. (Docket No. 23 at p. 4.) The FDIC-R contends that "all courts lack subject matter jurisdiction over claims asserted against the FDIC as receiver unless such claims have been timely submitted and exhausted through the administrative claims process." Id. at p. 7

(citing cases).² The FDIC-R concludes that because the review process is mandatory, the defendants' noncompliance warrants dismissal of the counterclaims. The Court agrees.

### 1. Blázquez's Counterclaim

The FDIC satisfied its statutory duties both to notify Blázquez of its receivership and to process Blázquez's claim. See 12 U.S.C. § 1821. Because the FDIC assumed its position as receiver to Doral on February 27, 2015 and sent notification to the defendants "sometime around May of 2015," the FDIC complied with the 90-day publishing requirement pursuant to § 1821(d)(3)(B)(i). See Docket No. 23 at p. 2; 12 U.S.C. § 1821(d)(3)(B)(i).³ The FDIC then mailed Blázquez the disallowance letter on November 13, 2015, complying with the 180-

---

² The FDIC cites cases from the First, Third, Fifth, and Eighth Circuit Courts of Appeals. (Docket No. 23 at p. 7 (citing Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995) ("Section 1821(d)(13)(D)(i) bars all claims against the assets of a failed financial institution which have not been presented under the administrative claims review process ('ACRP') . . . [f]ailure to comply with the ACRP deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution."); Wujick v. Dale & Dale, Inc., 43 F.3d 790 (3rd Cir. 1994) ("Since the state court also lacked subject matter jurisdiction for the same reason, a remand by the district court would be a vacuous act. We will therefore direct the district court to dismiss the claims against RTC."); Meliezer v. RTC, 952 F.2d 879, 882-883 (5th Cir. 1992) (holding that "section 1821(d)(13)(D) clearly establishes a statutory exhaustion requirement . . ." and because plaintiffs "failed to exhaust the administrative remedies as directed by FIRREA; the district court lacked subject matter jurisdiction over their claims."); Bueford v. RTC, 991 F.2d 481, 485 (8th Cir. 1993) ("Every court that has considered the issue has found exhaustion of FIRREA's administrative remedies to be a jurisdictional prerequisite to suit in district court.").)

³ The defendants do not contest that the FDIC met the 90-day publishing requirement pursuant to section 1821(d)(3)(B)(i).

day period after reviewing Blázquez's proof of claim, which she submitted on June 4, 2015. (Docket No. 23 at p. 8; see 12 U.S.C. § 1821(d)(5)(A)(i).)

Blázquez, however, failed to exhaust the mandatory review process. See Acosta-Ramírez, 712 F.3d at 19. Blázquez did not seek judicial review or continue her case in court within the "sixty (60) days after the disallowance of the claim, or 180 days after the expiration of the administrative decision deadline." Sánchez-Castro, 2016 WL 4257336, at *2 (citing Acosta-Ramírez, 712 F.3d at 19); see Docket No. 23 at pp. 2-9. Preexisting claims that are not continued within the 60-day period are disallowed and claimants are permanently barred from pursuing all rights or remedies in connection with their claims. See 12 U.S.C. § 1821(d)(6)(B); Simon v. FDIC, 48 F.3d 53, 56 (1st Cir. 1995) ("Failure to comply with the [review process] deprives the courts of subject matter jurisdiction over any claim to assets of the failed financial institution.").

Blázquez's contention that the FDIC provided insufficient notice is unavailing. (Docket No. 25 at pp. 3-4.) Blázquez relies on section 1821(d)(5)(iii), which states:

> The requirements of clause (i) shall be deemed to be satisfied if the notice of any determination with respect to any claim *is mailed to the last address of the claimant* which appears—

> (I) on the depository institution's books;
>
> (II) in the claim filed by the claimant; or
>
> (III) in documents submitted in proof of the claim."

12 U.S.C. § 1821(d)(5)(iii). Blázquez argues that notice was insufficient because the FDIC mailed the disallowance letter to "the address of the mortgaged property not defendants' address of record." (Docket No. 25 at p. 4.) She maintains that "a quick search on the United States Postal Service website does not show a status for the certified mail number shown on the [disallowance] letter." Id. at p. 4. Blázquez claims that the FDIC's failure to provide adequate notice nullifies the review process requirement and that the Court has jurisdiction over her claim. Id.

FIRREA, however, does not provide the opportunity to waive the mandatory review process when notice is not mailed or received. See FDIC v. Beneficial Mortg. Corp., 858 F. Supp. 2d 196, 202 (D.P.R. 2012) (Besosa, J.) ("[FIRREA] does not provide claimants a waiver or exception to completing the mandatory [review process] if notice is not mailed."). "[T]he FDIC's failure to provide proper notice 'does not relieve the claimant of the obligation to exhaust administrative remedies, because the statute does not provide for a waiver or exception under those circumstances.'" RTC v. Haith, 133 F.3d 574, 579 (8th Cir. 1998); see Tri-State Hotels, Inc. v. FDIC, 79 F.3d 707, 716 (8th Cir.

1996) (same); see also Guglielmi v. FDIC, 863 F. Supp. 54, 58 (D.R.I. 1994) ("[FIRREA] does not require FDIC to ensure that claimants actually receive mailed notice."). Consequently, the Court has no jurisdiction to consider Blázquez's claim.

### 2. Pedreira's Counterclaim

The defendants' arguments regarding Pedreira's counterclaim are similarly unpersuasive. The defendants contend that Pedreira's claim is entitled to judicial review notwithstanding his failure to submit a timely proof of claim. (Docket No. 25 at p. 4.) The defendants assert that they "have one claim that accrues to the benefit of the conjugal partnership and that [f]iling two independent proof of claim [sic] with respect to the same cause of action would only benefit redundancy." Id. at p. 4. It follows, the defendants argue, that Blázquez's proof of filing covers Pedreira's counterclaim. "*[A]ll* parties asserting claims against failed institutions," however, must comply with the review process. Marquis, 965 F.2d at 1151 (emphasis added).[4] Because Pedreira failed to comply with the

---

[4] Because all parties asserting claims must comply with the review process, it follows that Blázquez, Pedreira, *and the conjugal partnership*, as an entity separate from its members, must file administrative claims. See Morales Figueroa v. Valdés, No. 15-1365, 2016 WL 1171512, at *5 (D.P.R. Mar. 24, 2016) (Domínguez, J.) ("[A] conjugal partnership constitutes a separate legal entity from its two spousal members.") (citing Int'l Charter Mortg. Corp. v. El Registrador de la Propiedad de P.R., 10 P.R. Offic. Trans. 1126, 1128 (P.R. 1981)).

Civil No. 15-2590 (FAB)                                                    13

review process, the Court has no jurisdiction to hear his counterclaim.

**III. Conclusion**

For the reasons set forth above, the FDIC-R's motion to dismiss the counterclaims (Docket No. 23) is **GRANTED**. The counterclaims are **dismissed with prejudice**. Judgment shall be entered accordingly. Because the Court no longer has subject matter jurisdiction over this case, it is remanded to the Court of First Instance, Fajardo Division, case number NSCI 2014-00715 (303), to continue the foreclosure action by the holder of the note (Banco Popular de Puerto Rico) against the defendants.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, July 11, 2018.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE